IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jullie Quinn-Hunt,                                    Case No. 3:02CV7195

      Plaintiff

   v.                                                              ORDER

Bennett Enterprises, Inc., et al.,

      Defendant

This is an employment discrimination suit. Plaintiff Jullie Quinn-Hunt brings this suit against defendants Bennett Enterprises, Inc. (Bennett), her former employer, and Mary Helge, her former supervisor.

Pending is defendant's motion for summary judgment. For the reasons that follow, the motion shall be granted.

**Background**

Quinn-Hunt was a night auditor for Bennett's Holiday Inn motels in Perrysburg, Ohio. She worked at the front desk, and was the sole person on duty during her shift, which lasted from 11:00 p.m. until 7:00 a.m.

Quinn-Hunt does not dispute that she was often tardy and had received several warnings about her tardiness. Neither does she dispute that she was caught sleeping on the job twice and once found to have left her post to tend to personal business. Quinn-Hunt received warnings for those acts as well.

On March, 25, 2000, plaintiff arrived to work two hours late. She was fired the next day. Quinn-Hunt claims that she was subjected to discrimination on the basis of race when she lost her job.

I granted summary judgment for Bennett on April 9, 2003, holding that Quinn-Hunt's Title VII claim was untimely and her improper copying and stealing of more than 500 confidential personnel and payroll records from the private office of her supervisor justified dismissal of her suit. I never reached Bennett's alternative grounds for summary judgment on the merits.

Quinn-Hunt appealed my decision and the Sixth Circuit Court of Appeals reversed. *Quinn-Hunt v. Bennett Enterprises, Inc.*, 122 Fed. Appx. 205 (6th Cir. 2005). The Sixth Circuit held that I should have construed Quinn-Hunt's complaint as stating a claim under 42 U.S.C. § 1981, for which the statute of limitations had not expired. *Id.* at *206. In addition, the Court of Appeals held that Quinn-Hunt could still recover despite the fact that she had misappropriated hundreds of confidential documents from her workplace. *Id.* at 207–08.

## Discussion

To establish a prima facie case of employment discrimination, there must be proof that plaintiff: 1) is a member of a protected class; 2) was subjected to an adverse employment action; 3) was qualified for the particular position; and 4) was replaced by a person not a member of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Alternatively, a plaintiff can satisfy the fourth element of the test by proving that she was treated more harshly than a similarly situated employee who was not a member of the protected class. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 607 (6th Cir. 2002); *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001).

Plaintiff bears the initial burden of establishing a prima facie case by a preponderance of the evidence. *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). If an employment discrimination plaintiff establishes the elements of a prima facie case, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the discharge, after which plaintiff has the burden of proving by a preponderance of the evidence that the proffered reason is pretextual. *Id.*

The plaintiff must be qualified for his or her post to satisfy the third element of the prima facie case of employment discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. A discriminatory discharge claim fails if a plaintiff cannot prove, by a preponderance of the evidence, that he or she was qualified for the job. *Davis v. Monsanto Chemical Co.*, 858 F.2d 345, 347 (6th Cir. 1988).

An employee is not qualified for a post if the employee fails to meet the employer's legitimate expectations. *Ang*, 932 F.2d at 548 ("A plaintiff fails to make a prima facie case of employment discrimination absent showing that he or she met employer's job expectations."); *Danielson v. City of Lorain*, 938 F.2d 681, 684 (6th 1991) ("[I]f a plaintiff is not able to establish that she performed the job at a level which met the employer's legitimate expectations or that the accusation of poor work was only a pretext, the claim for discrimination cannot be successful."); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990); *Huhn v. Koehring*, 718 F.2d 239, 243 (6th Cir. 1983).

The third element of the prima facie case of discriminatory discharge operates in a manner similar to "but for" causation. *Danielson*, 938 F.2d at 684 n. 1. In short, a plaintiff must show that, but for the employer's discriminatory motivation, that employer would not have fired plaintiff. *Id.* at 684. Phrased differently, plaintiffs alleging discriminatory discharge must show that they would have kept their jobs

3

(because their performance was adequate) if not for their employers' racially-motivated discrimination. *Id.*

Quinn-Hunt fails to satisfy the third element of the prima facie case of employment discrimination because she failed to meet her employer's legitimate expectations. *Ang*, 932 F.2d at 548. Quinn-Hunt was repeatedly late for work. She was twice reprimanded for falling asleep on the job. Another time, she was caught leaving her work station to do personal business on company time. Quinn-Hunt admitted, during her deposition, to all the workplace infractions which Bennett cites as justifying her termination. She has, accordingly, failed to establish a prima facie case.

Even if Quinn-Hunt were to be found to have established a prima facie case, she cannot prove that the defendant's legitimate articulated reasons are pretextual. Defendant has articulated legitimate, nondiscriminatory reasons for firing Quinn-Hunt in that she often showed up late for work, occasionally napped on the job, and, on at least one occasion, left her post to tend to personal matters.

Because the defendant has articulated a legitimate reason for its actions, the plaintiff has the burden to show that the reasons are pretextual. *Danielson*, 938 F.2d at 683. To do so, plaintiff must produce evidence that the proffered reason either: 1) had no basis in fact; 2) did not actually motivate the termination; or 3) were not sufficient to motivate the discharge. *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994); *Smith v. Leggett Wire Co.*, 220 F.3d 752 (6th Cir. 1999).

At issue in this case is the third way, as described in *Manzer*, that an employee may show employer pretext; namely, that Bennett's proffered reason was insufficient to motivate her firing. *Manzer*, 29 F.3d at 1082. A plaintiff may show that the employer's reason was insufficient by pointing to evidence of

4

favorable treatment to similarly situated employees who were not members of the protected class. *Smith*, 220 F.3d at 762.

The Sixth Circuit has held that "to make a comparison of a discrimination plaintiff's treatment to that of non-minority employees, the plaintiff must show that the 'comparables' are similarly-situated in all respects." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). A perfect comparison (or exact correlation) is not necessary for employees to be similarly situated. *See McMillan v. Castro*, 405 F.3d 405, 412S16 (6th Cir. 2005). A plaintiff, however, must prove that he or she is similarly situated to "the individuals with whom the plaintiff seeks to compare his/her treatment ... without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583.

To be similarly situated, the other employees "must have dealt with the same supervisor and have been subject to the same standards." *Mitchell*, 964 F.2d at 583; *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994).

A plaintiff's misconduct must be similar to the acts of other employees who were not disciplined in the same manner as plaintiff. *Mitchell*, 964 F.2d at 583. The Sixth Circuit held that "[i]t is the discrimination plaintiff's burden to establish that the other employee's acts were of 'comparable seriousness' to his or her own infraction." *Id.* at 583 n. 5. The requirement for "comparable seriousness" of conduct is logical because an employer is justified in responding differently to different kinds of work-related infractions, such as those of greater frequency or severity.

To that end, Quinn-Hunt contends that three other employees—Lori Stickley, Chris Helge, and Rita Hamrick—were often late but were not fired.[1]

Stickley is a manager. Supervisory and non-supervisory employees are not similarly situated, and an employer may therefore justifiably treat such employees differently. *Pierce*, 40 F.3d at 804.

Chris Helge is the sister of Mary Helge, a manager of the motel. Employees who receive favorable treatment because of a family relationship are not similarly situated to others who are not so related. That is because nepotism and favoritism toward a relative, however distasteful, do not give rise to a claim of disparate treatment under federal antidiscrimination statutes. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1096 (6th Cir. 1996) (holding that nepotism does not constitute evidence of impermissible discrimination under Title VII).

Hamrick was tardy on occasion, but she is not comparable because Quinn-Hunt was more than just late. Quinn-Hunt was repeatedly so, and had fallen asleep on the job and engaged in personal business when she was supposed to be working.

Quinn-Hunt also attempts to compare herself to Terry Dusseau, a front desk clerk whom she accuses of pocketing money in 1999. Quinn-Hunt's testimony on the matter is inadmissible hearsay. Even if Quinn-Hunt's testimony were not hearsay, the comparison is inappropriate. Though one might assume

---

[1] I note that almost all of the evidence Quinn-Hunt seeks to use to prove that other employees had worse punctuality records is inadmissible hearsay. To show that certain other employees were also habitually late, Quinn-Hunt offered as evidence homemade lists of data allegedly copied from employee timecards that were never produced. Such homemade lists are inadmissible hearsay. Fed. R. Evid. 801 (c); *see, e.g., U.S. v. Brika*, 416 F.3d 514, 528S30 (6th Cir. 2005) (discussing the hearsay analysis of unauthenticated documents that do not fit into a hearsay exception). Likewise, Quinn-Hunt's testimony about a guest's out-of-court statement (that another employee was stealing) is inadmissible hearsay. *Hill v. Spiegel*, 708 F.2d 233, 237 (6th Cir. 1983).

that stealing would be treated more seriously than Quinn-Hunt's multiple infractions, I cannot second guess an employer's business judgment. *See Hendrick v. Western Case Reserve Care System*, 355 F.3d 444, 462 (6th Cir. 2004) (citing, *inter alia*, *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Services*, 165 F.3d 1321, 1330 (10 th Cir. 1999) (noting that a federal court should not act as a "super personnel department")).

In sum, none of the other employees mentioned was similarly situated to Quinn-Hunt. She cannot show that similarly situated employees who were not African-American received better treatment. Thus, she has failed to show that Bennett's legitimate, nondiscriminatory reason for firing her was a pretext. Nothing in the record otherwise indicates that race motivated her firing.

Quinn-Hunt also raises a wage discrimination claim for the time that she served as manager-on-duty for several months in 1997.

To establishes a prima facie case of wage discrimination based on race, plaintiffs must show membership in a protected class, and that the employer paid different wages to an employee not in the protected class for substantially equal work. *See Anderson v. Zubieta*, 180 F.3d 329, 338S40 (D.C. Cir. 1999); *see also Timmer v. Mich. Dep't of Comm.*, 104 F.3d 833, 843 (6th Cir. 1997) (outlining the prima facie case of sex-based wage discrimination); *Medrano v. MCDR, Inc.*, 366 F. Supp. 2d 625, 636 (W.D. Tenn. 2005) (citing *Anderson v. Zubieta* in describing the prima facie case of race-based wage discrimination). The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the pay differential, such as seniority. *Anderson*, 180 F.3d at 338.

7

Quinn-Hunt claims that Lori Stickley received fifty cents per hour more in the manager-on-duty post than she did. The only basis for Quinn-Hunt's belief, however, is inadmissible hearsay.[2] In addition, Stickley worked for Bennett longer than Quinn-Hunt and seniority is a legitimate explanation for the wage differential. *Kovacevich v. Kent State University*, 224 F.3d 806, 820 (6th Cir. 2000) (noting that seniority is listed by the Equal Pay Act as a legitimate reason for a wage differential). Not only has Quinn-Hunt failed to produce any admissible evidence that Stickley actually was paid more than she, Quinn-Hunt has not shown that Bennett's proffered explanation is pretextual.

Finally, Quinn-Hunt alleges that Bennett engaged in promotion discrimination. She argues that she was more qualified for the manager-on-duty position than the person given the job, Jeanese Hawkins. This claim fails because the fourth element of the prima facie case of discriminatory discharge is that defendant employer replaces plaintiff with a person who is not a member of the protected class. *McDonnell Douglas Corp.*, 411 U.S. at 802. Hawkins is also African-American. Therefore, Quinn-Hunt's promotion discrimination claim fails.

## Conclusion

In light of the foregoing, it is

ORDERED THAT Bennett's motion for summary judgment shall be, and the same hereby is granted.

So ordered.

/s/ James G. Carr

---

[2] Quinn-Hunt stated in her deposition that she learned Stickley's hourly wage from Stickley herself. Quinn-Hunt's testimony as to what Stickley said is hearsay, and therefore inadmissible. Fed. R. Evid. 801 (c).

8

                                                            James G. Carr

                                                            Chief Judge